R. Robert BAILEY, and Ed H. Smith, Individually
and On Behalf of the Committee to Save Arkansas Jobs, Inc.,
and All Others Similarly Situated
*v.* W.J. "Bill" McCUEN, Secretary of State

94-951                                                           884 S.W.2d 937

Supreme Court of Arkansas
Opinion delivered September 20, 1994

*Friday, Eldredge & Clark*, by: *Paul B. Benham III, Elizabeth J. Robben*, and *Robert S. Shafer*, for petitioners.

*Youngdhal, Sadin & McGowan*, by: *Thomas H. McGowan*, for the appellant Committee.

*Winston Bryant*, Att'y Gen., by: *Melissa Rust*, Asst. Att'y Gen., for respondent.

PER CURIAM. On September 7, 1994, an original action was filed in this court for an order to invalidate a proposed initiated constitutional amendment offered under Amendment 7 to the Arkansas Constitution; to enjoin placement of the proposed initiated constitutional amendment on the November 8, 1994 general election ballot; and to direct that any votes cast thereon not be counted or certified because the petition contained invalid signatures and other irregularities and because the ballot title is defective.

This original action filed by the parties raises issues of fact. Arkansas Supreme Court Rule 6-5(b) provides that evidence on issues of fact will be taken by a Master to be appointed by this court. Therefore, we appoint the Honorable Tom Digby as Master and direct him to conduct such proceedings and hearings subject to and in accordance with our Rule 6-5(a) and Rule 53, Arkansas Rules of Civil Procedure, as are necessary to deter-

mine whether the allegations contained in the petition are true and to file his report with this court as expeditiously as possible. We also direct the Master to attend to the parties' additional motions for the taking of depositions and the establishment of bifurcated briefing schedules and such other matters as are necessary to discharge his duties.

Arkansas Supreme Court Rule 6-5(b) Rules of Supreme Court provides in pertinent part:

> As a condition to the appointment of a master, the Court may require both parties to file a bond for costs to be approved by the Clerk. Upon the filing of the master's findings, the parties shall file briefs as in other cases.

In addition, the Master is instructed to work with the Supreme Court Clerk and respective counsel in expediting a briefing schedule so that this court will receive the parties' briefs in sufficient time to consider the issues and render its decision as to whether or not this measure is to remain on the ballot to be printed for the November 8, 1994, general election.