R. Robert BAILEY, and Ed H. Smith, Individually,
and on Behalf of the Committee to Save Arkansas Jobs, Inc.,
and All Others Similarly Situated
*v.* W.J. "Bill" McCUEN, Secretary of State
Committee for a Safe Workplace, *Intervenor*

94-951                                              891 S.W.2d 797

Supreme Court of Arkansas
Opinion delivered January 30, 1995

*Friday, Eldredge & Clark,* by: *Robert S. Shafer, Paul B. Benham III,* and *Elizabeth Robben Murray,* for petitioners.

*Winston Bryant,* Att'y Gen., by: *Melissa Rust,* Asst. Att'y Gen., for respondent.

No response by intervenor.

PER CURIAM. Petitioners R. Robert Bailey and Ed H. Smith, Individually, and on behalf of the Committee to Save Arkansas Jobs, Inc., move for this court to reconsider the release of their bond for costs posted in this original action in the amount of $1,000. Their basis for the motion is that they were the prevailing parties in this matter, albeit on a legal issue unrelated to the master's fact-finding hearing, and thus should incur no costs. *See Bailey* v. *McCuen,* 318 Ark. 277, 884 S.W.2d 938 (1994). Petitioners acknowledge that respondent W.J. "Bill" McCuen, Secretary of State, is not subject to payment of costs because of sovereign immunity. Intervenor Committee for A Safe Workplace has not responded to petitioners' original motion or its motion for reconsideration.

Presently pending in the nature of costs is a bill for $3,528 submitted by the master's court reporter for transcription of the

three-day hearing conducted by the master. The master, Judge Darrell Hickman, was appointed as a fact-finder by per curiam order of this court dated September 20, 1994. *See Bailey* v. *McCuen*, 318 Ark. 49, 884 S.W.2d 937 (1994), amended 318 Ark. 106, 884 S.W.2d 937 (1994). On that same date, the motion of Committee for A Safe Workplace for permission to intervene was granted. At the commencement of the hearing before the master, counsel for petitioners posted the bond for costs in the amount of $1,000.

■ The question to be resolved is who pays the reporter's bill. Petitioners are correct that they prevailed, but an original action is unlike an appeal. The master's hearing and the transcript of it were for the mutual benefit of petitioners and the intervenor. Our Supreme Court Rules contemplate this. Rule 6-5 refers to original actions and costs incurred by a master's taking of evidence:

> (b) Fact Finding. Evidence upon issues of fact will be taken by a master to be appointed by the Court. As a condition to the appointment of a master, the Court may require both parties to file a bond for costs to be approved by the Clerk. Upon the filing of the master's findings, the parties shall file briefs as in other cases.

Our per curiam order appointing the master made specific reference to this rule and quoted from it, although it did not specifically direct at that time which parties must post bonds for costs. Nonetheless, the only reasonable conclusion is that the obligation be shared equally by the real parties in interest — the petitioners and the intervenor.

After being credited with the $1,000 bond amount for their share of the $3,528 reporter's bill, petitioners are directed to pay $764 into the registry of this court. Likewise, intervenor Committee for A Safe Workplace is directed to pay into the registry of this court $1,764.

GLAZE, J., dissents.

CORBIN, J., concurs.

ROAF, J., not participating.