Monty SCOTT, Bob Wheeler, Bill Goodwin, Eric Jackson, and Bill Walmsley, Individually and On Behalf of the Committee Against Amendment 8, and All Others Similarly Situated *v.* Sharon PRIEST, Secretary of State of the State of Arkansas

96-1077                                          928 S.W.2d 337

Supreme Court of Arkansas
Opinion delivered September 23, 1996

*Friday, Eldredge & Clark*, by: *Elizabeth Robben Murray* and *Jonann Coniglio Roosevelt*, for petitioners.

*Kaplan, Brewer, & Maxey, P.A.*, by: *Silas Brewer* and *Phil Kaplan*, for respondent.

PER CURIAM. On September 13, 1996, an original action was

filed in this court for an order to invalidate a proposed initiated constitutional amendment offered under Amendment 7 to the Arkansas Constitution; to enjoin placement of the proposed initiated constitutional amendment on the November 5, 1996, general election ballot; and to direct that any votes cast thereon not be counted or certified because the petition contained invalid signatures and other irregularities and because the ballot title is defective.

This original action filed by the parties raises issues of fact. Arkansas Supreme Court Rule 6-5(b) provides that evidence on issues of fact will be taken by a Master to be appointed by this court. Therefore, we appoint the Honorable Jack Lessenberry as Master and direct him to conduct such proceedings and hearings subject to and in accordance with our RULE 6-5(a) and RULE 53, Arkansas Rules of Civil Procedure, as are necessary to determine whether the allegations contained in the petition are true and to file his report with this court by October 9, 1996.

We also direct the Master to attend to the parties' additional motions for the taking of depositions and the establishment of bifurcated briefing schedules and such other matters as are necessary to discharge his duties.

Arkansas Supreme Court Rule 6-5(b) provides in pertinent part:

> As a condition to the appointment of a master, the Court may require both parties to file a bond for costs to be approved by the Clerk. Upon the filing of the master's findings, the parties shall file briefs as in other cases.

All costs are to be shared equally between the petitioners and the intervenors, as the respondent, Sharon Priest, Secretary of State, is not subject to payment of costs because of sovereign immunity. *Bailey* v. *McCuen*, 319 Ark. 369, 891 S.W.2d 797 (1995) (per curiam). Petitioners and intervenors are directed to file a bond, to be approved by the clerk, to secure payment of costs adjudged against them incurred in taking and transcribing the proof, including the Master's fee.

In addition, the Master is instructed to work with the Supreme Court Clerk and respective counsel in expediting a briefing schedule so that this court will receive the parties' briefs in sufficient time to consider the issues and render its decision as to whether or not

this measure is to remain on the ballot to be printed for the November 5, 1996, general election.