Mary Ann HOLT, J.D. McClard, Joe McClard, and Joe Pulliam, Individually and as Arkansans Against a Second Monopoly — Amendment 4, and All Others Similarly Situated, Petitioners *v.* Sharon PRIEST, Secretary of State of the State of Arkansas, Respondent; Craig Douglass, On Behalf of Arkansans for Amendment 4 Committee, Intervenor

96-1156                                              930 S.W.2d 359

Supreme Court of Arkansas
Opinion delivered October 15, 1996

*Q. Byrum Hurst, Jr.*, and *Mark Justin Riable*, for petitioners.

*Winston Bryant*, Att'y Gen., by: *Kay J. Jackson DeMailly*, Asst. Att'y Gen., for respondent.

*Kevin Arlen Crass*, for intervenor.

PER CURIAM. On September 27, 1996, an original action was filed in this court seeking an order invalidating a proposed constitu-

tional amendment offered under Amendment 7 to the Arkansas Constitution, enjoining the respondent from placing the proposed initiated constitutional amendment on the November 5, 1996 general election ballot, and directing that any votes cast thereon not be counted or certified because the petition contained invalid signatures and other irregularities. The petitioners' Motion for Expedited Scheduling, For Appointment of a Master, and For Leave of the Court to Take Depositions was filed October 9, 1996.

■ The original action filed by the parties raises issues of fact. Arkansas Supreme Court Rule 6-5(b) provides that evidence on issues of fact will be taken by a Master to be appointed by this court. Therefore, we appoint the Honorable Gerald Brown as Master and direct him to conduct such proceedings and hearings subject to and in accordance with our Rule 6-5(a) and Rule 53, Arkansas Rules of Civil Procedure, as are necessary to determine whether the allegations contained in the original action petition are true and to file his report with this court by October 24, 1996.

Arkansas Supreme Court Rule 6-5(b) provides in pertinent part:

> As a condition to the appointment of a master, the Court may require both parties to file a bond for costs to be approved by the Clerk.

■ All costs are to be shared equally between the petitioners and the intervenor as the respondent, Sharon Priest, Secretary of State, is not subject to payment of costs because of sovereign immunity. *Bailey v. McCuen*, 319 Ark. 369, 891 S.W.2d 797 (1995) (*per curiam*). Petitioners and intervenor are directed to file a bond, to be approved by the clerk, to secure payment of costs adjudged against them incurred in taking and transcribing the proof, including the Master's fee.

In addition, the Master is instructed to set a deposition schedule so that discovery will be completed in sufficient time for him to submit his findings to this court on October 24, 1996.

Finally, an expedited briefing schedule is established as follows: simultaneous opening briefs from all parties by 4:00 p.m. October 28, 1996; reply briefs, if any, by 4:00 p.m. October 30, 1996.