Bobby ROBERTS, Individually, And On Behalf Of Arkansans
To Protect Police, Libraries, Education & Services (APPLES),
Petitioners *v.* Sharon PRIEST, Secretary of State, Respondent;
John Hoyle, Individually, And On Behalf Of Arkansas
Taxpayers' Rights Association, Intervenors

98-1052                                    973 S.W.2d 797

Supreme Court of Arkansas
Opinion delivered September 11, 1998

*Friday, Eldredge & Clark,* by: *Elizabeth Robben Murray, Robert S. Shafer,* and *Ellen M. Owens,* for petitioners.

*Winston Bryant,* Att'y Gen., by: *Tim Humphries,* Ass't Att'y Gen., for respondent.

*Oscar Stilley,* for intervenors.

PER CURIAM. On August 26, 1998, an original action was filed in this court for an order to invalidate a proposed initiated constitutional amendment offered under Amendment 7 to the Arkansas Constitution; to enjoin placement of the proposed initiated constitutional amendment on the November 3, 1998, Gen-

eral Election ballot; and to direct that any votes cast thereon not be counted or certified because the petition contained invalid signatures and other irregularities and because the ballot title is defective.

█ This original action filed by the parties raises issues of fact. Arkansas Supreme Court Rule 6-5(b) provides that evidence on issues of fact will be taken by a master to be appointed by this court. Therefore, we appoint the Honorable Jack Lessenberry as master and direct him to conduct such proceedings and hearings subject to and in accordance with our Rule 6-5(a) and Rule 53, Arkansas Rules of Civil Procedure, as are necessary to determine whether the allegations contained in the petition are true, and to file his report with this court by September 22, 1998.

We also direct the master to attend to the parties' additional motions for the taking of depositions and such other matters as are necessary to discharge his duties.

Intervenors raise an objection to any requirement of a bond, but cite no authority for dispensing with one in these circumstances. On this point, Arkansas Supreme Court Rule 6-5(c) provides in pertinent part:

> Evidence upon issues of fact will be taken by a master to be appointed by the court. As a condition to the appointment of a master, the court may require both parties to file a bond for costs to be approved by the clerk. Upon the filing of the master's findings, the parties shall file briefs as in other cases.

█ This court has routinely required parties to file a bond in Amendment 7 original actions where a master has been appointed, and we do so in this action, as well. *See Holt v. Priest,* 326 Ark. 277, 930 S.W.2d 359 (1996); *Scott v. Priest,* 326 Ark. 69, 928 S.W.2d 337 (1996); and *Bailey v. McCuen,* 318 Ark. 49, 884 S.W.2d 937 (1994). All costs may be assessed against the complainants or the intervenors, or both. The respondent, Sharon Priest, Secretary of State, is not subject to payment of costs because of sovereign immunity. *See Bailey v. McCuen,* 319 Ark. 369, 891 S.W.2d 797 (1995) (per curiam). Complainants and intervenors are each directed to file a bond in the amount of $1,000, to be approved by the clerk, to secure payment of costs

adjudged against them incurred in taking and transcribing the proof, including the master's fee.

■ We next address the complainants' motion seeking to disqualify Mr. Oscar Stilley as the intervenors' counsel. Complainants assert that Mr. Stilley might be a witness regarding the validity of the initiative petitions that are in issue in this cause of action. At a hearing before this court on September 10, 1998, complainants announced that they do not intend to call Mr. Stilley as a witness, and Mr. Stilley asserted he did not anticipate any reason that would require him to testify. Consequently, the court considers the complainants' motion to be resolved and now moot.

■ In their motion, at the September 10 hearing, intervenors requested this court to decide the ballot title issue immediately so that, if the court's decision rules the ballot title to be deficient, the ballot title can be corrected by the court before the printing of the ballots for the November 3, 1998, General Election. Intervenors refer to this remedy as a request for "ballot title reformation" but cite no citation of authority and make only general reference to the United States Constitution. Our case law is contrary to the intervenors' request. *See Finn v. McCuen*, 303 Ark. 418, 798 S.W.2d 34 (1990), and *Washburn v. Hall*, 225 Ark. 868, 286 S.W.2d 494 (1956). Because this court has no authority under Amendment 7 to rule on or reform the ballot title at this stage, we deny their motion.

Intervenors further move that this court issue an immediate order declaring that they, as the initiative petitioners of the proposed amendment, be entitled to thirty days to cure any deficiency found in the signatures. On this point, intervenors cite to Ark. Code Ann. § 7-9-111 (Repl. 1993), which provides the procedures the Secretary of State must follow when ascertaining and declaring the sufficiency or insufficiency of any initiative petition. In particular, intervenors refer to § 7-9-111(d)(1), which provides as follows:

> If the petition is found to be insufficient, the Secretary of State shall forthwith notify the sponsors in writing, through their designated agent, and shall set forth his reasons for so finding.

When the notice is delivered, the sponsors shall have thirty (30) days in which to do any or all of the following:

(A) Solicit and obtain additional signatures;

(B) Submit proof to show that the rejected signatures or some of them are good and should be counted;

(C) Make the petition more definite and certain.

Section 7-9-111(d) is enabling legislation to Amendment 7 to the Arkansas Constitution. Amendment 7 provides in initiative petition matters that the Secretary of State shall decide the sufficiency or insufficiency of any petition and, if insufficient, the Secretary of State shall without delay notify the sponsors of such petition, and permit at least thirty days from the date of such notification to correct the initiative petition's insufficiency.

■ From the citation of authority given us by the parties, we conclude that the "thirty-day cure period" which intervenors request applies only in the case of an adverse action on the part of the Secretary of State and has no application to original actions in this court. *See Walton v. McDonald*, 192 Ark. 1155, 97 S.W.2d 81 (1936).

■ Finally, an expedited and bifurcated briefing schedule is established as follows:

*Count I (Signatures)*: Simultaneous briefs and objections to the master's report from all parties filed by 4:00 p.m. on September 29, 1998.

*Count II (Ballot Title)*: Complainants' abstract and brief to be filed by September 18, 1998; all response briefs to be filed by October 1, 1998; and complainants' reply brief to be filed by October 6, 1998; oral argument on Counts I and II is scheduled for Thursday, October 8, 1998, at 9:00 a.m.

The motion for appointment of a master, for bifurcation of proceedings, for an expedited scheduling order, and for leave of court to take depositions is, therefore, granted.