SLIP OPINION

Cite as 2014 Ark. 402

# SUPREME COURT OF ARKANSAS

No. CV–14–806

| | |
|---|---|
| JACKSON THOMAS STEPHENS, JR.<br>PETITIONER | **Opinion Delivered** September 25, 2014 |
| V. | AN ORIGINAL ACTION |
| MARK MARTIN, SECRETARY OF STATE<br>RESPONDENT | |
| STEPHEN COPLEY, INDIVIDUALLY AND ON BEHALF OF GIVE ARKANSAS A RAISE NOW<br>INTERVENOR | <u>ORDER OF THE COURT</u>. |

## PER CURIAM

On September 22, 2014, petitioner Jackson Thomas Stephens, Jr., filed an original action in this court, pursuant to amendment 80 § 2(D)(4) of the Arkansas Constitution, for an order to invalidate a proposed initiated act offered under amendment 7 to the Arkansas Constitution. On September 3, 2014, respondent Mark Martin, Secretary of State, had certified a proposed initiated act with the popular name, "An Act to Increase the Arkansas Minimum Wage" to be placed on the ballot for the upcoming election on November 4, 2014. Petitioner seeks to vacate the certification of the ballot measure; to enjoin the respondent from placing the proposed measure on the ballot; or in the alternative, to enjoin the respondent from canvassing or certifying any votes cast for the ballot measure.

SLIP OPINION

Specifically, petitioner asserts that the petition for placing the proposed initiated act on the ballot was not filed by the due date required by law and that the sponsor failed to submit the required number of valid signatures in support of the petition. The sponsor of the proposed initiated act, Stephen Copley, individually and on behalf of Give Arkansas A Raise Now, a ballot-question committee, have filed a motion to intervene in this action.

As an initial matter, we grant the motion to intervene. Further, this original action raises issues of fact with regard to validity of the signatures. Arkansas Supreme Court Rule 6–5(c) provides that evidence on issues of fact will be taken by a master to be appointed by this court. Therefore, we appoint the Honorable John B. Robbins as master and direct him to conduct such proceedings and hearings subject to, and in accordance with, Rule 6–5(b) and Rule 53 of the Arkansas Rules of Civil Procedure, as are necessary to determine whether the allegations contained in the petition are true, and to file his report with this court by 12:00 p.m. on Friday, October 10. In the discharge of his duties, the master has the authority to address the parties' discovery motions.

This court has routinely required parties to post a bond in original actions brought under amendment 7 when a master is appointed. *Roberts v. Priest*, 334 Ark. 244, 973 S.W.2d 797 (1998) (per curiam). Respondent is not subject to the payment of costs because of sovereign immunity. *Id*. Therefore, petitioner and intervenors are each directed to file a bond to be approved by our clerk in the amount of $5,000 to secure payment of costs adjudged against them incurred in taking and transcribing proof, including the master's fee.

Next, we address petitioner's request to bifurcate the proceedings and to separately brief

SLIP OPINION

the issue of law and the issue of fact raised in his petition.  We deny this request.

Finally, we set an expedited briefing schedule as follows:

Simultaneous briefs due at 5:00 p.m. on Monday, October 13, 2014.

Simultaneous reply briefs due at 8:30 a.m. on Thursday, October 16, 2014.

It is so ordered.