SLIP OPINION

Cite as 2016 Ark. 300

# SUPREME COURT OF ARKANSAS

No. CV–16–776

| | |
|---|---|
| COL. MIKE ROSS, RET.; MARION HUMPHREY; JAMES BROOKS; ADAM JEGLEY; MARTHA DEAVER; AND THE COMMITTEE TO PROTECT AR FAMILIES<br><br>PETITIONERS | **Opinion Delivered** September 9, 2016<br><br><br><br>AN ORIGINAL ACTION |
| V. | |
| MARK MARTIN, ARKANSAS SECRETARY OF STATE<br>RESPONDENT<br><br>CHASE DUGGER AND DR. STEPHEN CANON, INDIVIDUALLY AND ON BEHALF OF HEALTH CARE ACCESS FOR ARKANSANS<br>INTERVENORS | SPECIAL MASTER APPOINTED; MOTION FOR BIFURCATED CONSIDERATION, CONSECUTIVE BRIEFING, AND EXPEDITED CONSIDERATION GRANTED; MOTION FOR ORAL ARGUMENT DENIED; AND MOTION TO INTERVENE GRANTED. |

**PER CURIAM**

On September 1, 2016, petitioners Colonel Mike Ross, Retired; Marion Humphrey; James Brooks; Adam Jegley; Martha Deaver; and the Committee to Protect AR Families filed an original action in this court pursuant to article 5, section 1 of the Arkansas Constitution, as amended by amendment 7 to the Arkansas Constitution, for an order to invalidate a proposed initiated constitutional amendment. On August 25, 2016, respondent Mark Martin, Arkansas Secretary of State, certified a proposed initiated constitutional amendment with the

popular name "An Amendment to Limit Attorney Contingency Fees and Non–Economic Damages in Medical Lawsuits" to be placed on the November 8, 2016 general election ballot. Petitioners now seek to strike the certification of the ballot measure and to enjoin respondent from placing the measure on the ballot or, in the alternative, to enjoin respondent from counting, canvassing, or certifying any votes cast for the measure. Specifically, petitioners assert that the sponsors of the proposed initiated constitutional amendment failed to comply with mandatory canvasser certification laws and mandatory filing requirements and failed to submit the requisite number of verified signatures; in addition, petitioners contend that the ballot title is insufficient. The sponsors of the proposed initiated constitutional amendment, Chase Dugger and Dr. Stephen Canon, individually and on behalf of Health Care Access for Arkansans, a ballot-question committee, have filed a motion to intervene in this action.

As an initial matter, we grant the motion to intervene. Further, this original action raises issues of fact with regard to canvasser certification, filing requirements, and validity of signatures. Arkansas Supreme Court Rule 6–5(c) (2015) provides that evidence on issues of fact will be taken by a master to be appointed by this court. Therefore, we appoint the Honorable J.W. Looney as master and direct him to conduct such proceedings and hearings subject to, and in accordance with, Rule 6–5(b) and Arkansas Rule of Civil Procedure 53 (2015), as are necessary to determine whether the allegations contained in the petition are true. We further direct him to file his report with this court by September 28, 2016. In the discharge of his duties, the master has the authority to address the parties' discovery motions.

SLIP OPINION

This court has routinely required parties to post a bond in original actions brought under amendment 7 when a master is appointed. *See Stephens v. Martin*, 2014 Ark. 402 (per curiam); *Roberts v. Priest*, 334 Ark. 244, 973 S.W.2d 797 (1998) (per curiam). Respondent is not subject to the payment of costs because of sovereign immunity. *See Stephens*, 2014 Ark. 402. Therefore, petitioners and intervenors are both directed to file a bond to be approved by our clerk in the amount of $5,000 to secure payment of any costs adjudged against them for the taking and transcribing of proof, including the master's fee.

We grant petitioners' motion to bifurcate the proceedings and to separately brief the issues of fact and the issues of law raised in the petition. The request for oral argument is denied. We grant petitioners' motions for expedited consideration and for consecutive briefing, and we set two expedited briefing schedules as follows:

> Counts I and II: Petitioners' brief due on October 5, 2016; respondent's and intervenors' briefs due on October 12, 2016; petitioners' reply brief due on October 13, 2016.

> Count III: Petitioners' brief due on September 16, 2016; respondent's and intervenors' briefs due on September 23, 2016; petitioners' reply brief due on September 26, 2016.

> It is so ordered.