SLIP OPINION

Cite as 2016 Ark. 302

# SUPREME COURT OF ARKANSAS

No. CV–16–796

| | |
|---|---|
| CHUCK LANGE and BILL WALMSLEY, INDIVIDUALLY AND ON BEHALF OF COMMITTEE TO PROTECT ARKANSAS VALUES/STOP CASINOS NOW <br><br> PETITIONERS <br><br> V. <br><br> MARK MARTIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF THE STATE OF ARKANSAS <br><br> RESPONDENT <br><br> ARKANSAS WINS IN 2016, LLC, AN ARKANSAS LIMITED LIABILITY COMPANY, AND ARKANSAS WINNING INITIATIVE, INC., AN ARKANSAS NONPROFIT CORPORATION; AND CYNTHIA R. STONE; JEFF CROCKETT; AND LARRY J. WITCHER <br><br> INTERVENORS | **Opinion Delivered** September 9, 2016 <br><br> AN ORIGINAL ACTION <br><br><br><br> MOTION FOR EXPEDITED CONSIDERATION GRANTED; MOTIONS TO INTERVENE GRANTED; BIFURCATION ORDERED; MASTER APPOINTED; BRIEFING SCHEDULE SET; ORAL ARGUMENT DENIED. |

## PER CURIAM

On September 6, 2016, petitioners Chuck Lange and Bill Walmsley, individually and on behalf of Committee to Protect Arkansas Values/Stop Casinos Now filed an original action in this court pursuant to article 5, section 1 of the Arkansas Constitution, as amended by amendment 7 to the Arkansas Constitution, for an order to invalidate a proposed initiated

constitutional amendment. On September 1, 2016, respondent Mark Martin, Arkansas Secretary of State, certified a proposed initiated constitutional amendment with the popular name "An Amendment to Allow Three Casinos to Operate In Arkansas, One Each In the Following Counties: Boone County, Operated by Arkansas Gaming and Resorts, LLC; Miller County, Operated by Miller County Gaming LLC; and Washington County, Operated by Washington County Gaming, LLC" to be placed on the November 8, 2016 general election ballot. Petitioners now seek to have this court (1) declare the ballot title insufficient and to enjoin respondent from placing the measure on the ballot for the November 8, 2016 general election; (2) declare that the sponsors of the proposed amendment have failed to submit sufficient valid signatures to place the proposed amendment on the ballot for the November 8, 2016 general election; (3) order that any ballots cast on the proposed amendment under any circumstances not be counted; and (4) award them all other relief to which they are entitled. Petitioners also request that we bifurcate consideration of Counts I and II and Count III. Regarding Count III, petitioners pray for the appointment of a master to make factual findings with regard to the sufficiency of the signatures. Petitioners have also proposed a briefing schedule, oral argument, and leave to take depositions.

Arkansas Wins in 2016, LLC, and Arkansas Winning Initiative, Inc., sponsors of the proposed amendment, have petitioned to intervene in this original action and oppose the relief sought by petitioners. They have also asked for oral argument. Cynthia R. Stone; Jeff Crockett; and Larry J. Witcher, registered voters in Arkansas and signatories of the petitions to put the proposed amendment on the ballot, have also moved to intervene. They seek to

SLIP OPINION

protect their right to vote on the proposed amendment in the November 8, 2016 general election.

We grant expedited consideration of this petition. We order bifurcation of petitioner's ballot-title and constitutional issues in Counts I and II, and the signature challenges in Count III. Petitioner's brief concerning Counts I and II is due on September 16, 2016. Respondent's and intervernors' briefs concerning Counts I and II shall be due seven days thereafter, on September 23, 2016. Petitioner's reply brief is due September 26, 2016. Oral argument is denied.

Count III raises issues of fact with regard to the validity of signatures. Arkansas Supreme Court Rule 6-5(c) (2015) provides that evidence on issues of fact will be taken by a master to be appointed by this court. Therefore, we appoint the Honorable Bentley Story as master and direct him to conduct such proceedings and hearings subject to, and in accordance with, Rule 6-5(b) and Arkansas Rule of Civil Procedure 53 (2015), as are necessary to determine whether the allegations contained in the petition are true. We further direct him to file his report with this court by September 29, 2016. In the discharge of his duties, the master has the authority to address the parties' discovery motions.

Petitioners' brief on Count III is due October 5, 2016. Respondent's and intervenors' briefs are due on October 12, 2016. Petitioners' reply brief is due on October 13, 2016.

This court has routinely required parties to post a bond in original actions brought under amendment 7 when a master is appointed. *See Stephens v. Martin*, 2014 Ark. 402 (per curiam); *Roberts v. Priest*, 334 Ark. 244, 973 S.W.2d 797 (1998) (per curiam). Respondent

is not subject to the payment of costs because of sovereign immunity. *See Stephens*, 2014 Ark. 402. Therefore, petitioners and intervenors are directed to file a bond to be approved by our clerk in the amount of $5000 to secure payment of costs adjudged against them in taking and transcribing proof, including the master's fee.

It is so ordered.

GOODSON, J., not participating.