SLIP OPINION


Cite as 2016 Ark. 301

# SUPREME COURT OF ARKANSAS

No. CV–16–785

|  |  |
|---|---|
| KARA L. BENCA<br>        PETITIONER | **Opinion Delivered** September 9, 2016 |
| V. |  |
| MARK MARTIN , SECRETARY OF STATE<br>        RESPONDENT<br><br>ARKANSANS FOR COMPASSIONATE CARE 2016<br>        INTERVENOR | AN ORIGINAL ACTION; MOTION FOR APPOINTMENT OF MASTER, FOR AN EXPEDITED SCHEDULING ORDER, AND FOR LEAVE OF COURT TO TAKE DEPOSITIONS; MOTION FOR JOINDER OR TO INTERVENE BY ARKANSANS FOR COMPASSIONATE CARE 2016; RESPONDENT'S MOTION TO SHORTEN DISCOVERY REQUESTS<br><br>MOTION FOR APPOINTMENT OF SPECIAL MASTER GRANTED; MOTION FOR EXPEDITED SCHEDULING ORDER GRANTED; MOTION TO INTERVENE BY ARKANSANS FOR COMPASSIONATE CARE 2016 GRANTED. |

## PER CURIAM

Respondent, Mark Martin, Arkansas Secretary of State, certified a proposed initiated act with the popular name, "Arkansas Medical Cannabis Act" to be placed on the November 8, 2016, general election ballot. On September 2, 2016, petitioner, Kara L. Benca, filed an original action in this court, pursuant to article 5, section 1 of the Arkansas Constitution, as

amended by amendment 7 to the Arkansas Constitution, challenging the proposed initiated act, and requests an order declaring the ballot measure legally insufficient. Petitioner also filed a motion for appointment of master, for an expedited scheduling order, and for leave of court to take depositions. In response, respondent filed an answer and a motion to shorten time to respond to discovery requests.

Petitioner now seeks to enjoin respondent from placing the measure on the ballot or, in the alternative, to enjoin respondent from counting, canvassing or certifying any votes cast for the measure. Specifically, petitioner asserts that the sponsor of the proposed initiated act failed to comply with mandatory canvasser-certification laws and failed to submit the requisite number of verified signatures. The sponsor of the proposed initiated act, Arkansans for Compassionate Care 2016, has filed a motion to intervene in this action and a cross-claim against respondent.

As an initial matter, we grant the motion to intervene. Further, this original action raises issues of fact with regard to canvasser certification, filing requirements, and validity of signatures. Arkansas Supreme Court Rule 6-5(c) (2015) provides that evidence on issues of fact will be taken by a master to be appointed by this court. Therefore, we appoint the Honorable John Robbins as master and direct him to conduct such proceedings and hearings subject to, and in accordance with, Rule 6-5(b) and Arkansas Rule of Civil Procedure 53 (2015), as are necessary to determine whether the allegations contained in the petition are true. We further direct him to file his report with this court by September 28, 2016. In the discharge of his duties, the master has the authority to address the parties' discovery motions.

This court has routinely required parties to post a bond in original actions brought under amendment 7 when a master is appointed. *See Stephens v. Martin*, 2014 Ark. 402 (per curiam); *Roberts v. Priest*, 334 Ark. 244, 973 S.W.2d 797 (1998) (per curiam). Respondent is not subject to the payment of costs because of sovereign immunity. *See Stephens*, 2014 Ark. 402. Therefore, petitioner and intervenor are both directed to file a bond to be approved by our clerk in the amount of $5,000 to secure payment for costs adjudged against them incurred in taking and transcribing proof, including the master's fee. We grant petitioner's motion for expedited consideration and we set the expedited briefing schedule as follows:

Petitioner's brief due on October 5, 2016; respondent's and intervenor's briefs due on October 12, 2016; petitioner's reply brief due on October 13, 2016.

It is so ordered.