Cite as 2020 Ark. 263

# SUPREME COURT OF ARKANSAS

No. CV-20-470

| | |
|---|---|
| ARKANSAS WINS IN 2020, INC. <br> PETITIONER | Opinion Delivered: July 31, 2020 |
| V. | |
| JOHN THURSTON, IN HIS OFFICIAL <br> CAPACITY AS SECRETARY OF STATE <br> RESPONDENT | AN ORIGINAL ACTION |
| PROTECT ARKANSAS <br> COMMUNITIES, A BALLOT <br> QUESTION COMMITTEE, AND <br> ALLISON WHITE, INDIVIDUALLY <br> AND ON BEHALF OF PROTECT <br> ARKANSAS COMMUNITIES <br><br> INTERVENORS | |

## PER CURIAM

At issue in this original action is a statewide initiative petition (the Additional Casinos Petition), proposing an amendment to the Arkansas Constitution. On July 24, 2020, petitioner Arkansas Wins In 2020, Inc., a ballot question committee, filed its original petition for expedited review and declaratory judgment and for writ of mandamus against John Thurston in his official capacity as the Secretary of State. On July 24, 2020, petitioner also filed a motion for expedited consideration, temporary injunction, and immediate appointment of a master. Petitioner challenges respondent's decision declaring its initiative petition insufficient to qualify for the November 3, 2020 general election

ballot. Pending is petitioner's motion to expedite and for preliminary injunction. Also pending is a motion to intervene filed by Protect Arkansas Communities, a ballot question committee, and Allison White, individually and on behalf of Protect Arkansas Communities. We grant the motion to intervene.

We grant expedited consideration and appoint the Honorable Kathleen Bell as special master to resolve the factual disputes raised in the petition. The special master's report shall be filed no later than August 17, 2020. The briefing schedule is set as follows: petitioner's brief due August 24, 2020; respondent's and intervenors' briefs due August 31, 2020; and petitioner's reply brief due September 4, 2020.

The motion for temporary injunctive relief is granted as follows. Respondent is directed to continue facial review of the petition and to begin verifying signatures on the initiative petition. Petitioner is granted a thirty-day cure period to commence on the date of this order. This cure period is provisional, and counting the signatures collected during the cure period depends on whether the petitioner is ultimately determined to be entitled to a cure period.

Petitioner has also requested that the court order the Secretary to certify the petition for inclusion on the November 2020 ballot. We grant provisional certification of the initiative pending review of the merits of the certification by the court.

Further, this court has routinely required parties to post a bond in original actions brought under amendment 7 when a master is appointed. *See Lange v. Martin*, 2016 Ark. 302 (per curiam). Respondent is not subject to the payment of costs because of sovereign

immunity. *See id*. Therefore, petitioner and intervenors are directed to file a bond to be approved by our clerk in the amount of $5,000 to secure payment of costs adjudged against them in taking and transcribing proof, including the master's fee.

It is so ordered.

KEMP, C.J., and WOMACK, J., would deny certification.

WOOD, J., would deny certification and further expedite the matter; not participating in the motion to intervene.

**SHAWN A. WOMACK, Justice, concurring in part and dissenting in part.** While I concur with most of the majority's opinion, I respectfully dissent from the part of the opinion ordering preemptive certification of the issue to the ballot. Because I dissent from the certification order, I would propose an alternate briefing schedule.

First, by granting the request for certification at this point we are short circuiting the statutory process that exists for review by the Secretary of State and the Board of Election Commissioners, as well as our own process that has been adopted for similar cases. *See, e.g.*, Ark. Code Ann. §§ 7-9-101–126 (Supp. 2019). Second, there have been no facts established by a special master and no legal determinations made by this court that would warrant a preemptive certification order more than three weeks before the statutory deadline; there is plenty of time for a thorough and proper expedited review process to take place. Third, this particular injunctive relief is premature given that the petitioner has made no showing of likelihood of success on the merits, as required under this court's longstanding precedent. *See, e.g.*, *Baptist Health v. Murphy*, 365 Ark. 115, 121, 226 S.W.3d

3

800, 806 (2006) (discussing requisite showings for preliminary injunctive relief). Fourth, by stepping over the normal process, this court is inviting premature litigation from future ballot initiative groups, setting a dangerous precedent of ignoring both the statutory requirements and the work of other state officials in the process. Finally, by preemptively ordering ballot certification, while simultaneously setting a briefing schedule that necessarily puts any final opinion by this court after the statutory deadline for certification, this decision will appear to have been quite illogical if the facts and law ultimately require us to prohibit the counting of votes for an issue that we ordered to be placed on the ballot.

Accordingly, I would deny the request for certification and set an accelerated schedule consistent with that recently ordered by this court in a separate ballot certification matter, allowing submission of this case prior to the statutory certification deadline. *See Miller v. Thurston*, No. CV-20-454 (Order, July 28, 2020). Therefore, I concur in part and dissent in part.

WOOD, J., joins.